IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK A. CATO,

    Plaintiff,

  v.

U.S. SECURITY ASSOCIATES,

    Defendant.
                                   /

No. C 11-4345 SI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT**

    Defendant's motion to dismiss the complaint is scheduled for a hearing on December 2, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendant's motion and GRANTS plaintiff leave to amend the complaint. If plaintiff wishes to amend the complaint, the amended complaint must be filed by **December 19, 2011**. **The Court recommends that plaintiff seek assistance from the Northern District's Pro Se Help Desk (415.782.9000, extension 8657).**

**BACKGROUND**

    On August 31, 2011, *pro se* plaintiff Mark Cato filed this lawsuit against defendant U.S. Security Associates. The complaint includes a largely blank cover page, a letter written by plaintiff to the Division of Labor Standards Enforcement, a completed "Claim for Disability Benefits – Doctor's

Certificate" form, a letter from one of plaintiff's doctors, a letter from the San Francisco Worker's Compensation Appeals Board to plaintiff, a completed Workers' Compensation Appeals Board "Declaration of Readiness" form, and a U.S. EEOC Notice of Right to Sue, dated December 1, 2010. The complaint does not contain any statement of facts, nor does the complaint set forth any legal claims.

Defendant has filed a motion to dismiss the complaint for lack of jurisdiction and failure to state a claim. As the complaint does not contain a statement of facts, the following facts are taken from defendant's motion. According to defendant, plaintiff is a former employee of U.S. Security Associates. On November 11, 2008, plaintiff sustained an injury while acting in the course and scope of his employment. On October 8, 2009, plaintiff filed a claim for workers' compensation benefits. On June 4, 2010, plaintiff settled his case in exchange for $12,750. Defendant states that on January 27, 2009, plaintiff was terminated from his job for abandoning his post.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where the plaintiff is *pro se*, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, a *pro se* plaintiff must still allege facts sufficient to allow a reviewing court to determine that a claim has been stated. *Ivey v. Bd.*

2

*of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

Defendant has moved to dismiss the complaint for failure to state a claim and for lack of jurisdiction. Defendant correctly notes that the complaint does not specify the basis of the Court's jurisdiction, nor does the complaint allege any specific claims or state what relief plaintiff seeks. With regard to jurisdiction, defendant notes that plaintiff marked "diversity jurisdiction" on the civil cover sheet, and yet also stated that the parties were citizens of the same state. Docket No. 1-2. Diversity jurisdiction is established where the parties are citizens of different states, and the amount in controversy is at least $75,000. *See* 28 U.S.C. § 1332(a)(1). In the absence of diversity jurisdiction, plaintiff must allege a basis for federal jurisdiction, such as a claim under a federal statute.

Plaintiff's opposition to defendant's motion states, among other things, that he believes defendant has discriminated against him on account of his race; defendant failed to hire, promote, and wrongfully terminated him; defendant failed to accommodate his disability; and defendant harassed him and retaliated against him.

The Court finds that the complaint as currently pled is subject to dismissal for both lack of jurisdiction and failure to state a claim. The Court will grant plaintiff leave to file an amended complaint. If plaintiff files an amended complaint, the complaint shall (1) identify the basis of the Court's jurisdiction (for example, if there is a federal claim and/or if there is diversity jurisdiction under 28 U.S.C. § 1332); (2) specifically identify the claims that plaintiff is asserting (for example, if plaintiff is suing under a federal or state statute, the complaint shall identify that statute); (3) state, as clearly as possible, the facts giving rise to the complaint, including the dates upon which the events occurred; and (4) state the relief that plaintiff seeks (for example, monetary damages and/or injunctive relief). **The Court recommends that plaintiff seek assistance from the Northern District's Pro Se Help Desk (415.782.9000, extension 8657).**

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss and GRANTS

3

plaintiff leave to file an amended complaint.  **If plaintiff wishes to file an amended complaint, the amended complaint must be filed by December 19, 2011**.

**IT IS SO ORDERED.**

Dated: November 22, 2011

SUSAN ILLSTON
United States District Judge